UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION



| | | |
|---|---|---|
| DAVID A. WALSDORF, III and<br>JUDITH G. WALSDORF | * | CIVIL ACTION<br>04-1014 |
| VERSUS | * | CASE NO: |
| CANADIAN NATIONAL<br>RAILWAY COMPANY | * | SECTION:    MAG: |

\* \* \* \* \* \* \* \* \* \* \* \*

## CIVIL COMPLAINT

The joint petition of DAVID A. WALSDORF, III, and JUDITH GABB WALSDORF, domiciled in the Parish of Jefferson, State of Louisiana, with respect represents that:

1.

The jurisdiction of this court is invoked under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq., which provides that any railroad employee who is injured at work is entitled to be compensated for all damages and injuries that were caused in any way by the negligent conduct of the railroad.

2.

The following parties are named defendant herein:

A) CANADIAN NATIONAL RAILWAY COMPANY, a foreign corporation, doing business in this state and parish; and

B) ABC INSURANCE COMPANY, a domestic insurer, doing business in this state and parish, which has designated the Secretary of State as its agent for service of process in suits brought against it in this state.

3.

On Thursday, April 10, 2003, petitioner, David A. Walsdorf, III, was working in Mays yard, which is owned by defendant, Canadian National Railway Company. Mays yard is located in Jefferson Parish, Louisiana.

4.

At the time, Mr. Walsdorf was switching cars in the train yard, when suddenly and without warning, he tripped and fell in a defect in the loose slag adjacent to the tracks, causing him to fall onto his right hand, onto loose rocks on the asphalt motor vehicle crossing.

5.

This defect was a depression or hole in the walking surface of the slag which was large enough and deep enough to catch the shoe of plaintiff, thus constituting a trap.

6.

Petitioners show that defendant knew or should have known of this defect, and had actual or constructive notice; and that this defect had existed for a sufficiently long period of time for defendant to have repaired the defect timely and properly.

7.

This accident was proximately caused solely by the negligent conduct of the defendant railroad, and the defective condition of the property over which defendant had "garde", custody and control, in the following respects:

A) Failing to maintain a safe walking surface for its employees;

B) Failing to avoid creating a trap or unreasonably dangerous condition of which it had actual knowledge, which occasioned risk of injury to its employees;

C) Failing to discover and correct a condition which existed for such a period of time that it would have been discovered if defendant had exercised reasonable care and proper inspection and repair procedures;

D) Failing to act in a reasonably prudent manner to keep the work premises in a reasonably safe condition, free of any hazardous conditions;

E) Failing to timely eliminate a condition which defendant had either created or had actual or constructive notice of, and which caused resulting damage to its employee; and

F) Such other acts of negligence as will be shown at the trial of this cause.

8.

As the result of this accident, Mr. Walsdorf sustained serious personal injuries, enumerated hereinbelow.

9.

The injuries with Mr. Walsdorf sustained in this accident were diagnosed as a laceration to the palm of the right hand and ganglion cyst at the base of the right thumb.

10.

This injury required that Mr. Walsdorf obtain emergency medical treatment, including stitches, and treatment from his private physicians over an extended period of time, over two and one-half months, during which time he experienced substantial pain and discomfort, and he lost time from work.

11.

As the direct result of this accident, petitioner, Judith G. Walsdorf, has experienced the loss of service, society, general companionship, affection, and sexual relations with her husband, together with loss of support, felicity, comfort and solace, and aid and assistance, all of which have caused her to experience considerable pain and suffering, mental anguish and distress.

12.

Petitioners itemizes the damages sustained in this accident as follows:

David A. Walsdorf, III:

East Jefferson General Hospital – emergency room bill

Dr. Levy – medical bill

Dr. George – orthopedist bill

Diagnostic Imaging – xray bill

Lost wages

Scarring

Permanent disability

Physical pain and suffering, mental anguish and distress, past, present, and future

<u>Judith G. Walsdorf</u>:

Loss of consortium

13.

At all pertinent times herein, there was in full force and effect, a policy of liability insurance, issued by the defendant, ABC Insurance Company, to the defendant, Canadian National Railway Company, which provided full coverage for the incident made the basis of this suit.

WHEREFORE, petitioners, DAVID A. WALSDORF, III and JUDITH G. WALSDORF, pray for judgment, in their favor, and against the defendants, CANADIAN NATIONAL RAILWAY COMPANY and ABC INSURANCE COMPANY, in solido, for recovery of all amounts and all other appropriate relief, due and owing under 45 U.S.C. Sec. 51, et seq., with judicial interest of 4.5% thereon from date of judicial demand until paid, and for all costs of these proceedings.

FLEISCHMANN LAW FIRM

BY: _____
EDWIN R. FLEISCHMANN, JR. #5605
Attorney for petitioners
200 Sierra Court
Metairie, LA 70001-5328
(504) 832-0800; (504) 835-2653 (fax)

PLEASE SERVE:

CANADIAN NATIONAL RAILWAY COMPANY
Attorney for claimant will serve
Canadian National Railway Company through
Bob McCormick, by U.S. mail, certified, with a
true copy of this complaint, together with proper summons/citation,
to be provided to attorney for claimants by the Clerk of Court
United States District Court, with two copies of the notice
and acknowledgement, and a self-addressed postage paid envelope